IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN BRISTOL PATTERSON, | : | MOTION TO VACATE |
| Fed. Reg. No. 68401-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL NO. |
|       v. | : | 1:15-CR-433-ELR-JSA-1 |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:18-CV-4616-ELR-JSA |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Kevin Bristol Patterson has filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, and seeks to challenge his convictions and sentences following his guilty plea in the Northern District of Georgia. (Doc. 162). **IT IS ORDERED** that Movant's motion for an extension of time to file a reply and amended reply [Docs. 163, 165] are **GRANTED** *nunc pro tunc*. The reply and amended reply filed on January 2, 2019 [Docs. 164, 167], are accepted as filed.

I.  Procedural and Factual History

While Movant was incarcerated at the Ware State Prison in Waycross, Georgia, he connected a confidential source ("CS") with Alex Mauricio Altamirano, one of Movant's sources of narcotics. (PSR ¶12; Doc. 147 ("Plea Tr.") at 14). Altamirano, who also was in prison, then connected the CS with Dennis Miguel

Pineda, who sold narcotics to the CS on several occasions. (PSR ¶¶12-19; Plea Tr. at 14).

On July 30, 2015, Pineda sold the CS 45.2 grams of methamphetamine, which the DEA laboratory found to be "Ice" with a 100% purity.[1] (PSR ¶¶19-21; Plea Tr. at 14). On August 10, 2015, the CS purchased from Pineda approximately 103.3 grams of methamphetamine, which the DEA laboratory found to be "Ice" with a 98.1% purity, and 35.5 grams of heroin. (PSR. ¶¶24-27; Plea Tr. at 15). On August 20, 2015, the CS and an undercover officer bought 493.4 grams of methamphetamine which the DEA laboratory found to be "Ice" with a 94.5% purity, and 33.9 grams of heroin from Pineda. (PSR ¶¶20-42; Plea Tr. at 15). On August 28, 2015, Pineda gave the CS and an undercover officer a sample of .96 grams of heroine. (PSR ¶¶ 51, 53; Plea Tr. at 15). On September 16, 2015, Pineda brokered a sale of 264.5 grams of heroin to the CS. (Plea Tr. at 15). The Government's recitation of the facts during the plea colloquy, to which Movant agreed, was that Movant agreed with others to accomplish a plan to possess with the intent to distribute a total of 649 grams of methamphetamine and 334 grams of heroin. (*Id.* at 15-16).

---

[1] "Ice" is d-methamphetamine hydrochloride that is at least 80% pure. U.S.S.G. §2D1.1(c) note (C); (Doc. 156 at 2); *United States v. Fisher*, 319 F. App'x 795, 796 (11th Cir. 2009); *Reece v. United States*, 119 F.3d 1462, 1470 (11th Cir. 1997).

On November 23, 2015, a federal grand jury indicted Movant (along with Altamirano and Pineda) and charged him with one count of conspiracy to possess with the intent to distribute methamphetamine and heroin in violation of 21 U.S.C. §§846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B), and five counts of distribution and possession with the intent to distribute methamphetamine and/or heroin on five separate occasions, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 18 U.S.C. §2. (Doc. 1). On August 10, 2016, Movant entered a non-negotiated guilty plea to all counts. (Doc. 95-1).

The PSR recommended that Movant's base offense level under §2D1.1 of the United States Sentencing Guidelines ("U.S.S.G.") be set at 34 based on 12,885.68 grams of marijuana – the equivalency amount for 641.2 grams of "Ice" methamphetamine and 61.68 grams of heroin.[2] (PSR ¶¶65, 68). After finding Movant to be a career offender under U.S.S.G. §§4B1.1(a) and (b) based on three previous drug convictions, the PSR then increased Movant's base offense level to 37. (Id. at ¶75). Finally, Movant received a two-level reduction for acceptance of responsibility under §3E1.1(a), for a total recommended offense level of 35. (Id. at ¶¶76-77). With a criminal history category of VI, the PSR calculated the resulting guideline range to be 292 to 365 months. (PSR at 36).

---

[2] Under U.S.S.G. §2D1.1, an offense involving between 10,000 and 30,000 kilograms of marijuana has a base offense level of 34.

3

Movant objected to several factual statements in the PSR, as well as the PSR's classification of the methamphetamine as "Ice."  (PSR ¶¶21, 42, 65, Addendum).  Movant conceded, however, that he was a career offender.  (*See* Doc. 129 at 5) ("As correctly noted in the presentence report, Patterson has more than a sufficient number of drug related convictions to label him a Career Offender (§4B1.1)."); (Doc. 148 ("Sentencing. Tr.") at 46) ("I'm here in front of you as a career offender.").  The Government objected to the PSR's failure to recommend a two-level enhancement for Movant's role in the offense pursuant to U.S.S.G. §3B1.1(c).[3]  (PSR ¶76).

During the sentencing hearing, Movant argued that the methamphetamine should not be classified as "Ice" because:  (1) prior to the classification as "Ice" in the PSR, no reference to the methamphetamine as "Ice" had been made in the indictment, during the plea hearing, or during the recorded conversations between the co-defendants; (2) Movant, who was incarcerated during the all of the events, had no control over the purity of the methamphetamine that Pineda was selling; and (3) there is no empirical evidence to support the U.S.S.G.'s ten-to-one ratio distinction between methamphetamine and "Ice."  (Sentencing Tr. at 16-23).

---

[3]  U.S.S.G. §3B1.1(c) provides, in relevant part, that a two-level increase should apply to a defendant who was an organizer, leader, manager, or supervisor in any criminal activity with less than five participants.

U.S. District Judge Eleanor L. Ross overruled Movant's objection to the classification of the methamphetamine as "Ice" and the Government's objection that Movant should receive a two-level role enhancement. (Sentencing Tr. at 6-14, 16-23). The Court then found that Movant's guideline range was that which was set forth in the PSR, *i.e.,* 292 to 365 months of imprisonment. (*Id.* at 25). The Government recommended a low-end sentence of 292 months, while Movant requested a below-guidelines sentence of 140 months.[4] (Doc. 129 at 5-6; Sent. Tr. at 30-36, 46-49). The Court varied below the guideline range and sentenced Movant to a net total of 220 months of imprisonment on each count, all to run concurrently with each other and with the state sentence Movant was serving. (Sentencing Tr. at 49-50; Doc. 135).

Movant filed a direct appeal to the Eleventh Circuit, raising two issues: (1) the district court erred in determining Movant's base offense level by using the marijuana equivalence to "Ice" rather than to methamphetamine; and (2) the district court imposed a substantively unreasonable sentence. (Doc. 156). The Eleventh Circuit affirmed Movant's convictions and sentences on November 13, 2017. (*Id.*).

Movant filed the instant §2255 motion on October 1, 2018, and raises two grounds for relief: (1) he is actually innocent of being a career offender; and (2)

---

[4] Movant also requested that his sentence run concurrently to his state sentence. (Sentencing Tr. at 47-49).

counsel was ineffective for failing to object to both the type and amount of drugs attributable to Movant. (Doc. 159-1). For the following reasons, the undersigned **RECOMMENDS** that the instant motion to vacate be **DENIED**.

II.     Standard of Review

Congress enacted §2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to §2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Id.* (citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

The Court should order an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As discussed below, Movant's §2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

III.   Analysis

    A.   Movant Cannot Raise His Challenge To The Career Offender Enhancement.

In Movant's first ground for relief, Movant argues that he is actually innocent of being a career offender. The Government argues that this claim does not state a cognizable claim under §2255 and, in any event, it is procedurally defaulted. The undersigned agrees.

        1.   Movant's Challenge To The Career Offender Enhancement Is Not Cognizable In A §2255 Motion.

An alleged error in applying the U.S.S.G.'s career offender provision cannot be the basis for a §2255 claim where the defendant was sentenced below the statutory maximum and does not prove actual innocence *of his crime* or the vacatur of a prior conviction.[5] *Spencer v. United States*, 773 F.3d 1132, 1135 (11th Cir. 2014) (en

---

[5] In his reply, Movant argues that "by being wrongly designated as a career offender, [he is] subject to a sentence that is in excess of the maximum authorized by law." (Doc. 164 at 5). However, the maximum sentence for count one was life imprisonment, for counts three and four was forty years of imprisonment, and for counts two, five, and six was twenty years of imprisonment. (*See* PSR at 1-2).

7

banc). *See also Ford v. United States*, No. 17-14239-K, 2018 WL 7018045, at *1 (11th Cir. Feb. 21, 2018) (finding the movant's challenge to his career offender designation was not cognizable in a §2255 motion because he did not argue he was actually innocent of the crimes to which he pled guilty nor asserted that the prior convictions that led to his career offender designation have been vacated). Movant has not shown that he is actually innocent of the crimes to which he entered a guilty plea; nor has he provided proof that any of his predicate convictions was vacated. As a result, Movant's claim is not cognizable in a §2255 motion. *See Spencer*, 773 F.3d at 1135; *Ford*, 2018 WL 7018045, at *1.

### 2. Movant's Challenge To The Career Offender Enhancement Also Is Procedurally Defaulted.

Movant's claim that the career offender enhancement should not have applied to him is also procedurally defaulted. "A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so." *Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014). *See also Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. §2255 challenge"). The movant can "avoid the procedural bar by establishing that either

---

Movant's sentence, 220 months, or eighteen (18) years, was below the statutory maximum for all of his convictions.

of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence." *Hill*, 569 F. App'x at 648. "[T]o show cause for procedural default, [a §2255 movant] must show that some objective factor external to the defense prevented [the movant] or his counsel from raising [the] claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). "Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to [the movant's] actual and substantial disadvantage[.]" *Ward v. Hall*, 592 F.3d 1144, 1179 (11th Cir. 2010). To demonstrate a miscarriage of justice based on actual innocence, the movant must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (internal quotation marks and citations omitted). A movant claiming that he is actually innocent must show factual innocence rather than legal innocence. *Rozelle v. Secretary, Fla. Dep't of Corr.*, 672 F.3d 1000, 1012-15 (11th Cir. 2012).

Petitioner seeks to avoid the procedural bar by arguing that (1) he is actually innocent of the career offender enhancement; and (2) counsel was ineffective for failing to contest his career offender status.

a. *Actual Innocence*

Movant's argument that he is actually innocent of the career offender enhancement does not excuse the procedural default of this claim. Indeed, the Eleventh Circuit has expressly rejected this precise argument and held that because a defendant cannot be convicted of the career offender enhancement, he cannot be actually innocent thereof. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the §4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.") (en banc), *abrogated on other grounds by MccCarthan v. Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017).

Movant's argument that he is actually innocent of his career offender sentence because his prior convictions should not have been classified as "controlled substance offense[s]" is purely a claim of legal, rather than factual, innocence. Thus, the actual innocence exception does not apply. *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) (finding the movant's claim that he was actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the guidelines was legal, not factual, innocence, which could not excuse his procedural default); *Hudson v. United States*, Nos. 8:14-CV-1175-T-30TGW, 8:12-

10

CR-86-T-30TGW, 2014 WL 4279374, at *2 (M.D. Fla. Aug. 29, 2014) (finding the petitioner's claim that his predicate state convictions were not "serious drug offenses" for purposes of the armed criminal career enhancement was an argument of legal, rather than factual innocence, and did not excuse his procedural default of the claim). Accordingly, Movant has not demonstrated actual innocence to excuse the procedural default of this claim.

          b.     *Ineffective Assistance As Cause*

To the degree that Movant argues as cause for the procedural default that counsel was ineffective for failing to challenge the career offender enhancement because the predicate convictions did not constitute "serious drug offenses," Movant's argument is misplaced. The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 688). To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins* 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).

"An attorney's performance is not deficient in hindsight just because he or she made one choice versus another." *Scott v. United States*, 890 F.3d 1239, 1259 (11th Cir. 2018). *See also Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir. 1985) ("Tactical decisions do not render assistance ineffective merely because in retrospect it is apparent that counsel chose the wrong course."). An ineffective assistance claim should be examined based on the "'totality of the circumstances[,]'" *McCoy v. Newsome*, 953 F.2d 1252, 1262 (11th Cir. 1992) (citations omitted), and the court may "dispose of [the] ineffectiveness claim[] on either of its two grounds." *Atkins v. Singletary*, 965 F.2d 952, 959 (11th Cir. 1992). *See also Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

*Strickland*'s two-pronged test applies to counsel's representation of a defendant in connection with a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate counsel's ineffective assistance after entering a plea, the Movant must show that his "counsel's constitutionally ineffective performance affected the outcome of the plea process[,]" *Id.* at 59, by "convinc[ing] the court that a decision to reject the plea bargain would have been rational under the

circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).  *See also Jackson v. United States*, 463 F. App'x 833, 835 (11th Cir. 2012) ("If [the movant] cannot establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail.").  "[A] petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*."  *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010) (per curiam) (citation omitted).

Movant cannot demonstrate that counsel was ineffective for failing to challenge Movant's career offender status because, according to Movant, his predicate convictions did not constitute "controlled substance offense[s]" under U.S.S.G. §4B1.1.  The U.S.S.G. defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, export, distribute, or dispense." U.S.S.G. §4B1.2(b).  Movant's predicate offenses used for the career offender enhancement included Movant's previous convictions for:  (1) distribution of marijuana, for which he was sentenced to three years in prison and seven years of probation [PSR ¶83]; (2) sale of marijuana, for which he also was sentenced to three years of imprisonment and seven

13

years of probation [PSR ¶84]; and (3) possession of methamphetamine with the intent to distribute, for which he was sentenced to four years in prison and eleven years on probation [PSR ¶89].[6]

Movant argues that neither of the marijuana charges qualify as predicate offenses because under the divisible marijuana trafficking statute, O.C.G.A. §16-13-30(j), Georgia's offense is broader than the federal definition.[7] Movant further argues that as a result, when applying the "modified categorical approach" to his offenses based on Georgia's divisible marijuana trafficking statute (O.C.G.A. §16-13-30(j)), his two prior marijuana convictions cannot qualify as "controlled substance offense[s]" because there was not enough information in the PSR to make that determination. (Doc. 159-1 at 2-4). The undersigned disagrees.

---

[6]   Movant's probation was revoked on several occasions. *See* PSR at 20-26.

[7]   Movant relies on *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016) as support for his argument. In *Descamps*, the Supreme Court held that where the crime of conviction has a single, indivisible set of elements, sentencing courts may only apply the categorical approach, *i.e.,* look only to the statutory definition of the crime and not the facts related to the defendant's commission thereof in determining whether the predicate qualifies under §4B1.1. *Descamps*, 133 S.Ct. at 257. If, however, the statute is divisible in that it sets out one or more elements of the offense in the alternative – thereby defining multiple crimes – and one alternative qualifies but another does not, courts may use the "modified categorical approach," which permits review of a limited class of documents (such as indictments, transcripts, plea documents, etc.) to determine which alternative defined the defendant's conviction. *Mathis*, 136 S.Ct. at 2249.

Georgia's marijuana trafficking statute, O.C.G.A. §16-13-30(j), makes it "unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana." O.C.G.A. §16-13-30(j)(1).  That statute is divisible, thereby creating separate offenses, *United States v. Stevens*, 654 F. App's 984, 987 (11th Cir. 2016), and a court may use the "modified categorical approach" to determine whether Movant's predicate offenses qualify as "controlled substance offense[s]" under §4B1.1.  *See Mathis*, 136 S.Ct. at 1249.  This Court need not review any documents other than the PSR, however, which provides that Movant was convicted of the "sale of marijuana" and the "distribution of marijuana" – both of which are not simply possession of marijuana and are punishable by more than one year, and as a result both qualify as predicates under §4B1.1.  *See, e.g., Stevens*, 654 F. App'x at 987 (holding that because the record established that the defendant was convicted of possession with intent to distribute marijuana and not mere possession under O.C.G.A. §16-13-30(j)(1), the district court did not plainly err by concluding that the prior conviction qualified as a predicate "controlled substance offense" pursuant to the career offender enhancement).  *See also United States v. Lester*, 142 F. App'x 364, 368 (11th Cir. 2005) ("[T]he district court did not err when it concluded Lester's prior conviction for possessing and selling marijuana was a controlled substance offense for purposes of classifying him as a career offender.").  Finally, the Eleventh

Circuit affirmed Movant's sentence, holding that "[t]he district court correctly determined Patterson's base offense level . . . Patterson qualified as a career offender." (Doc. 156 at 3).

Because this issue did not have merit, counsel was not ineffective for failing to raise it. *See Lockhart v. Fretwell*, 506 U.S. 364, 382 (1993) ("[I]neffective-assistance claims predicated on failure to make wholly frivolous or unethical arguments will generally be dispensed with under *Strickland*'s first prong[.]"); *Howard v. Warden*, No. 18-14571-B, 2019 WL 1931866, at *1 (11th Cir. Mar. 29, 2019) ("Howard's post-plea counsel was not ineffective for failing to raise meritless claims."); *Harrison v. United States*, 577 F. App'x 911, 915 (11th Cir. 2014) ("In short, the failure of Harrison's appellate counsel to raise these meritless issues on appeal cannot have constituted ineffective assistance."); *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them."). For the same reasons, Movant has failed to demonstrate how the outcome would have been different had counsel challenged Movant's career offender status. Movant, therefore, has failed to overcome the procedural default of this claim for relief.

  B. <u>Movant Has Not Demonstrated That Counsel Was Ineffective In Connection With The Type And Amount of Drugs Attributable to Him.</u>

Movant also argues that counsel was ineffective for failing to challenge the classification of the methamphetamine as "Ice," and the amount thereof, that was

attributed to Movant at sentencing. (Doc. 159-1 at 5-6). Specifically, Movant claims that the drug quantity was "complete error" because the methamphetamine was *not* "Ice," and because Amendment 750 to the Guidelines was not applied to determine the amount. (*Id.*). According to Movant, had counsel objected to these issues, his guideline range would have been substantially lower. (*Id.*). Movant simply is wrong.

Indeed, Movant's counsel did, in fact, object to the "erroneous" drug quantity, and argued extensively that the methamphetamine attributed to Movant should not be classified as "Ice." (Doc. 148 at 16-23). Counsel also challenged both the quantity and "Ice" classification on appeal. (Doc. 156). Because counsel did, in fact, raise and argue these issues quite thoroughly, he plainly could not have been ineffective for failing to do so.[8] Movant, therefore, is not entitled to relief on this claim.

---

[8] To the degree that Movant argues that Amendment 750 should have applied to the drug quantity that was attributed to him, Movant is mistaken. "Amendment 750 revised the crack cocaine quantity tables to conform to the Fair Sentencing Act of 2010, which amended certain statutory minimum sentences for crack cocaine offenses." *United States v. Haddad*, 490 F. App'x 270, 271 (11th Cir. 2012). Movant, however, was held accountable for a type of methamphetamine, or "Ice" and not crack cocaine. Thus, Amendment 750 does not apply to his sentence.

IV.     Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Kevin Bristol Patterson's motion to vacate his sentence [Doc. 82] be **DENIED WITH PREJUDICE**.

V.      Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. §2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other

words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant has not demonstrated that he received ineffective assistance of counsel and/or that his plea was, in fact, knowing and voluntary. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be denied.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 19th day of March, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE